## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| CORNELIUS CONNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-cv-01108-ACL |
| | ) | |
| MISSOURI DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is the application of self-represented plaintiff Cornelius Conner to proceed in the district court without prepaying fees or costs. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will grant the motion. Furthermore, based upon an initial review, the Court will dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B).

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted a ledger from the Missouri Department of Corrections from June 11, 2022 to October 14, 2022. Having reviewed this ledger, the Court finds plaintiff does not have the money to pay the full amount of the filing fee and will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances").

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679.

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even

pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## The Complaint

Plaintiff is a self-represented litigant currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC") in Bonne Terre, Missouri. He brings this civil action pursuant to 42 U.S.C. § 1983, naming as defendants the Missouri Department of Corrections and the ERDCC.

"The Plaintiff complains of the fact that the Defendant's prison guard namely COI Dalton failed to comply with the Standard Operating Procedure and or policy for its correctional facility by failing to complete the property inventory sheet/form and have it signed and dated by the Plaintiff." "The Plaintiff complains of the fact that he was denied his mail on the 7th day of October 2022 and still to this 16th day of October 2022 the Plaintiff has yet to receive his mail."

In response to the denial of his mail, plaintiff states that he mailed a kite through in-house mail on October 13, 2022 to the functional unit manager requesting an informal resolution request (IRR), which is the first step in the prison's grievance process. He states that as of the drafting of his complaint on October 16, 2022 he has not yet received his IRR form. He is suing defendants for alleged constitutional violations arising out of his claim that he has been denied the right to file a grievance. He also seeks to sue under the federal mail tampering statute.

For relief, plaintiff seeks $150,000 in damages for the alleged denial his First, Eighth, and Fourteenth Amendment rights and an additional $500,000 for violation of the federal criminal statute 18 U.S.C. § 242, right to receive mail.

## Discussion

Because plaintiff is proceeding in forma pauperis, the Court reviewed his complaint under

3

28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court has determined that plaintiff's complaint is deficient and subject to dismissal.

Plaintiff's claims against the Missouri Department of Corrections and ERDCC must be dismissed because these entities are not considered "persons" for purposes of § 1983. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Furthermore, an agency exercising state power is also not a person subject to suit under § 1983. *See Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991). Moreover, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).

Even if plaintiff were to have sued the proper defendant, his complaint is still subject to dismissal. Inmates do not have a constitutional liberty interest in the procedures by which the state believes it can best determine their confinement. *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996). "[T]here is no constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations." *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *see also Jenner v. Nikolas*, 828 F.3d 713, 716-17 (8th Cir. 2016) (explaining that "[t]he existence of a state-mandated procedural requirement does not, in and of itself, create a constitutionally protected liberty interest"). A prison grievance procedure is a procedural right only and does not confer upon an inmate a substantive right. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (agreeing with district court that "defendants' denial of [plaintiff's] grievances did not state a substantive constitutional claim").

4

Plaintiff does not have a constitutional liberty interest in receiving an inventory property sheet or an internal resolution request form. Therefore, he cannot state a violation of his constitutional rights under § 1983 arising out of the denial of these forms.

Finally, plaintiff seeks to sue defendants for violation of the federal mail tampering statute, 18 U.S.C. § 242. The federal mail tampering statute is a criminal statute that does not provide a private right of action. The criminal statute provides for prosecution by the United States not by its individual citizens. *See U.S. v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) ("Courts have repeatedly held that there is no private right of action under [18 U.S.C.] § 241, even though the statute allows federal authorities to pursue criminal charges"); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (stating that only a United States prosecutor can bring a complaint under 18 U.S.C. §§ 241-242, and that the "statutes do not give rise to a civil action for damages"); *Brown v. Express Scripts*, 2018 WL 1295482, at *2 (E.D. Mo. 2018) (dismissing plaintiff's claim brought under 18 U.S.C. § 242 because plaintiff had no private right of action).

For the foregoing reasons, the Court will dismiss plaintiff's complaint against defendants Missouri Department of Corrections and ERDCC for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions to proceed in forma pauperis are **GRANTED**. [ECF Nos. 2 and 4]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original

5

proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** as moot. [ECF No. 5]

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants the Missouri Department of Corrections and the Eastern Reception, Diagnostic and Correctional Center are **DISMISSED** without prejudice.

An separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 5th day of January, 2023.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE